**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0218n.06
Filed: April 24, 2008

**06-2544**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| GEORGE STEVEN SCANTLAND, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, COOK, and FARRIS[*], Circuit Judges.

**PER CURIAM.** In this direct appeal from his convictions on multiple counts of drug
possession with intent to distribute, possession of firearms by a convicted felon, and
maintenance of a drug-involved premises, defendant George Steven Scantland raises only
a claim of ineffective assistance of counsel. Specifically, he alleges that his trial counsel
was ineffective in negotiating a plea bargain, preparing him to testify, pursuing defense
theories that ultimately failed, and failing to bring a pre-trial motion to challenge the police
search warrant. Because most of these allegations concern questions of defense strategy
and because the trial record clearly provides an insufficient basis upon which to review
them, we decline to address the various claims of ineffective assistance of counsel set out

---

[*]The Hon. Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit,
sitting by designation.

in the defendant's appellate brief. We further note that these issues are more appropriately addressed in a post-conviction motion to vacate, filed pursuant to 28 U.S.C. § 2255. Indeed, with regard to such claims, we have repeatedly observed:

> "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990); *see also United States v. Brown*, 332 F.3d 363, 368 (6th Cir. 2003). This court has "'routinely concluded that such claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on this issue.'" *Brown*, 332 F.3d at 369 (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

*United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005). In *Martinez*, we further pointed out that because of "the fact-specific nature of [ineffective assistance of counsel] claims and the absence of a record directed at whether counsel's performance was deficient," a defendant is better served by fleshing out his claims in a post-conviction motion and submitting the evidence to support those claims at a hearing in district court, rather than by having us attempt to rule on allegations that have little support in the record as presented. *Id.*

In the absence of any currently reviewable challenges to the validity of the defendant's convictions, we AFFIRM the judgement of the district court.